**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ANDERSON BENENHALEY, a/k/a Andy,

*Defendant-Appellant.*

No. 03-4545

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Cameron McGowan Currie, District Judge.
(CR-99-73)

Submitted: January 28, 2004

Decided: April 22, 2004

Before LUTTIG, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Jack B. Swerling, LAW OFFICES OF JACK B. SWERLING, Columbia, South Carolina, for Appellant. James Strom Thurmond, Jr., United States Attorney, Jane Barrett Taylor, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Following a jury trial, Anderson Benenhaley was convicted of conspiracy to possess with intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (2000) and 21 U.S.C. § 846 (2000), and distribution of methamphetamine, in violation of § 841. He was sentenced to life imprisonment. Benenhaley noted a timely appeal, arguing his sentence and conviction were unconstitutional. In a published opinion, Benenhaley's convictions were affirmed, but his sentence was vacated in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000),[1] and the case was remanded to the district court for resentencing. *See United States v. Benenhaley*, 281 F.3d 423 (4th Cir.), *cert. denied*, 537 U.S. 869 (2002).

On remand, the district court sentenced Benenhaley to 210 months' imprisonment. Benenhaley has again timely appealed his conviction and sentence to this Court.

In this second appeal, Benenhaley's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Although counsel states there are no meritorious issues for appeal, he argues Benenhaley's conviction, based on an indictment lacking a specific drug quantity, is unconstitutional under *Apprendi*. In the alternative, he argues, based on the indictment's lack of a specific drug quantity, Benenhaley's offense level could be no greater than twelve. Finally, counsel argues Benenhaley's 210-month sentence is unconstitutional because powder methamphetamine is a Schedule III drug, and because no specific drug quantity was found by a jury beyond a rea-

---

[1]The Supreme Court held in *Apprendi* that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

sonable doubt, Benenhaley's sentence cannot exceed five years' imprisonment. Benenhaley filed a pro se supplemental brief raising several additional issues. The Government has elected not to file a formal brief. In accordance with *Anders*, we have considered the briefs and examined the entire record for meritorious issues. Finding no error, we affirm.

We review Benenhaley's *Apprendi* argument de novo. *See United States v. Mackins*, 315 F.3d 399, 405 (4th Cir.) (holding if defendant makes timely and sufficient *Apprendi* objection in trial court, and preserves the objection, this Court employs de novo review), *cert. denied*, 123 S. Ct. 2099 (2003). Under *United States v. Promise*, 255 F.3d 150 (4th Cir. 2001) (en banc), *cert. denied*, 535 U.S. 1098 (2002), while a sentence increased beyond the statutory maximum sentence and based on an indictment that charges an unspecified drug quantity violates *Apprendi*, it nonetheless suffices to support a conviction under 21 U.S.C. § 841 (2000). Thus, we find Benenhaley's argument that his conviction is unconstitutional under *Apprendi* unpersuasive.

Benenhaley's alternative argument, that his offense level, which the district court found to be thirty-six, could be no greater than twelve, resulting in a maximum sentence of sixteen months' imprisonment, also fails. Under *Promise*, § 841(b)(1)(C), the section under which Benenhaley was convicted, relates to "unaggravated" drug trafficking offenses, for which no specific drug quantity need be specified in the indictment and found by a jury beyond a reasonable doubt. Moreover, a defendant convicted under this section and who, as Benenhaley, has a prior felony drug conviction, is subject to a maximum sentence of thirty years' imprisonment. Further, the district court's finding that Benenhaley was responsible for 1.9 grams of pure methamphetamine corresponds to an offense level of thirty-six under *U.S. Sentencing Guidelines Manual* § 2D1.1 (1998).[2] Thus, we find

---

[2]The guidelines direct the district court to apply the guideline version in effect on the date of sentencing, unless that creates an ex post facto problem, in which case the version in effect on the date the crime of conviction was committed applies. USSG § 1B1.11. The 1998 version was in effect at the time of Benenhaley's sentencing on May 31, 2000.

the district court did not err in its calculation of Benenhaley's offense level.

Next, Benenhaley argues the district court erred by classifying powder methamphetamine as a Schedule II controlled substance, as opposed to a Schedule III controlled substance, in calculating his sentence. We review legal issues de novo. *United States v. Daughtrey*, 874 F.2d 213, 217-18 (4th Cir. 1989). Benenhaley does not dispute the United States Attorney General promulgated changes in Schedule II to include methamphetamine, without regard to its form. However, he argues because Schedule III, which initially contained powder methamphetamine, has not been amended, it remains a Schedule III controlled substance, thereby resulting in a maximum term of imprisonment not to exceed five years under § 841(b)(1)(D). We find this argument meritless.

First, there is no evidence § 841 was drafted with regard to the particular schedule of the drug at issue. Furthermore, 21 U.S.C. § 811 (2000) conveys authority to the Attorney General to transfer a drug from one schedule to another under certain enumerated circumstances. Moreover, 21 U.S.C. § 812 (2000), which establishes the schedules of controlled substances, notes that the schedules shall be updated and republished annually. The revised schedules are published in Title 21 of the Code of Federal Regulations at § 1308. According to 21 C.F.R. § 1308.12(d)(2) (1999),[3] "[m]ethamphetamine, its salts, isomers, and salts of its isomers" are Schedule II controlled substances. Thus, contrary to Benenhaley's argument, methamphetamine, regardless of its form, is a Schedule II controlled substance.

Benenhaley raises several issues in his pro se supplemental brief.[4]

---

[3]The 1999 version of the C.F.R. was in effect at the time of Benenhaley's sentencing on May 31, 2000.

[4]Benenhaley raises the following arguments: (1) the Government presented insufficient evidence to support his conspiracy conviction; (2) an insufficient nexus exists between an underlying felony and the forfeiture conviction; (3) the forfeiture does not bear an appropriate relationship to the gravity of the offense; (4) the second superseding indictment is duplicitous; (5) the jury's general verdict was incorrectly applied to two distinct charges; and (6) the district court's failure to instruct the jury on the lesser included offense of mere possession constitutes plain error.

However, because he raises them for the first time on appeal after remand and resentencing, they are foreclosed by the mandate rule. *See United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) (holding the mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "issues decided by the district court but foregone on appeal"). Because Benenhaley did not raise these issues in his initial appeal, and because this Court remanded the case to the district court for resentencing based solely on the *Apprendi* issue, they are foreclosed by the mandate rule.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's amended judgment sentencing Benenhaley to 210 months' imprisonment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*